GLD-067                                            **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-3460
_____

DEBORAH M. YOUNG, NATURAL GUARDIAN OF C.D. AND B.D.,
MINORS, IN OUR OWN RIGHT,
                                                    Appellant

v.

ALICE BECK DUBOW, JUDGE, IN HER INDIVIDUAL CAPACITY FOR CAUSING
PROLONGED CHILD ABUSE BY FAILING TO ENFORCE HER VERY OWN
"STANDING ORDER FOR COURTROOM H" RULES; ANGELE MARIE PARKER,
CEO; CHEREL FERRELL, SOCIAL WORKER EMPLOYEE METHODIST
SERVICES FOR FAMILIES AND CHILDREN ("METHODIST KINSHIP") IN THEIR
INDIVIDUAL, AND FEDERAL GRANT FUNDED CAPACITIES AS
BENEFICIARIES OF KIDNAP FOR PROFIT AND PROLONGED CHILD ABUSE;
ANNE MARIE AMBROSE, COMMISSIONER DHS; KAREN S. REYNOLDS,
SOCIAL WORKER; CARLA N. GARDNER, COMMISSIONER'S RESPONSE
PHILADEPHIA DEPARTMENT OF HUMAN SERVICES ("DHS") IN THEIR
INDIVIDUAL CAPACITIES AND COMPLICIT ACCESSORIES TO KIDNAP FOR
PROFIT AND PROLONGED CHILD ABUSE; MARY ANN TAYLOR, IN HER
INDIVIDUAL CAPACITY AS MENTAL AND PHYSICAL CHILD ABUSER, AND
ACCOMPLICE BENEFICIARY OF KIDNAP FOR PROFIT AND PROLONGED
CHILD ABUSE
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 09-cv-05015)
District Judge: Honorable Mitchell S. Goldberg
_____

Submitted for Possible Summary Action Pursuant to
Third Circuit LAR 27.4 and I.O.P. 10.6
**December 16, 1020**
Before: AMBRO, CHAGARES AND NYGAARD, <u>Circuit</u> <u>Judges</u>

_____

OPINION
_____

PER CURIAM

Deborah Young, proceeding *pro se*, appeals the District Court's order dismissing her complaint. Because the appeal does not present a substantial question, we will summarily affirm.

I

In November 2009, Young filed in the District Court a complaint against Philadelphia Court of Common Pleas Judge Alice Dubow, officials at the Philadelphia Department of Human Services ("DHS"), employees of Methodist Kinship, an organization that provides child placement services for DHS, and Mary Ann Taylor, her children's paternal grandmother. Her complaint stemmed from Judge Dubow's order awarding custody of Young's two children to their father and Taylor. Young alleged that Judge Dubow's decision "ordered kidnap for profit and prolonged child abuse of [her children]," D. Ct. Doc. No. 3, 3, and accused the remaining defendants of contributing to the alleged kidnap and abuse of her children. Young sought the return of her children to her custody and $900,000 in punitive damages.

The Defendants filed motions to dismiss, which the District Court granted. Young then filed a timely notice of appeal.

II

We have jurisdiction pursuant to 28 U.S.C. § 1291. We may summarily affirm the

District Court's order if Young's appeal does not present a substantial question.  See 3d Cir. LAR 27.4; 3d Cir. IOP 10.6.  We exercise plenary review over the District Court's order granting the Rule 12(b)(6) motion.  See Capogrosso v. Sup. Ct. of New Jersey, 588 F.3d 180, 184 (3d Cir. 2009).  "The District Court's judgment is proper only if, accepting all factual allegations as true and construing the complaint in the light most favorable to [Young], we determine that [she] is not entitled to relief under any reasonable reading of the complaint."  Id. (quoting McGovern v. Philadelphia, 554 F.3d 114, 115 (3d Cir. 2009)).

The District Court presented several alternative bases for dismissing Young's complaint.  We need only address two of these.  First, we agree with the District Court that Young's claims were barred by the Rooker-Feldman doctrine.  See Dist. of Columbia Ct. App. v. Feldman, 460 U.S. 462 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923).  "In certain circumstances, where a federal suit follows a state suit, the Rooker-Feldman doctrine prohibits the district court from exercising jurisdiction."  Great W. Mining & Mineral Co. v. Fox Rothschild LLP, 615 F.3d 159, 163-64 (3d Cir. 2010).  There are four requirements that must be met for the Rooker-Feldman doctrine to apply: "(1) the federal plaintiff lost in state court; (2) the plaintiff 'complain[s] of injuries caused by [the] state-court judgments'; (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state judgments."  Id. at 166 (quoting Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005)).  Here, there is no question that these requirements are met.  Young's federal complaint stemmed from the adverse custody decision rendered in state court,

3

Young claims that she and her children have been harmed by that decision, and she expressly asks the District Court to reverse Judge Dubow's custody award. See also Marran v. Marran, 376 F.3d 143, 153 (3d Cir. 2004) (mother's action for a declaratory judgment invalidating Office of Children and Youth's findings concerning the absence of child abuse necessarily implied a finding that Court of Common Pleas made improper custody award, and was thus barred by Rooker-Feldman).

To the extent that Young raised claims that would not be barred by Rooker-Feldman, we also agree with the District Court that her allegations were insufficient to state a claim for which relief could be granted. To withstand a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, __ U.S. __, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Here, Young raised a number of allegations against the Defendants, but failed to provide factual support for those allegations.

Accordingly, we will summarily affirm the District Court's order.

4